TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: OAK-P-A

--------------------------------------------------------------------------------

FROM: 10579062
TO: Rapides Unit
SUBJECT: \*\*\*Request to Staff\*\*\* STILLEY, OSCAR, Reg# 10579062, OAK-P-A
DATE: 11/09/2015 07:37:48 PM

To: NotificationAddressV.2Pt1
Inmate Work Assignment: CCS AM

\*         UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF ARKANSAS

OSCAR STILLEY  10579-062                         PLAINTIFF

V.   2:15-CV-00163  BSM-BD

USA, ET AL                                       DEFENDANT

           PLAINTIFF'S RESPONSE TO ORDER CONCERNING ADDRESS [DOCKET #5]

Comes Plaintiff and for his statement of "new" address, and states:

Plaintiff's address has not changed. Plaintiff can only assume that the rejection of mail addressed to Plaintiff was yet another assault on his right of reasonable access to the courts, by the US Department of Justice. If the current address is the only goal of the order, Docket #5, Plaintiff is glad to oblige - and his obligation is fulfilled.

Why does Plaintiff not verify a fact that he admittedly "assumes" in a manner derogatory to the Department of Justice? Because the DOJ-FBOP denies Plaintiff access to telephone or Trulincs email. Plaintiff was locked up in SHU, on a pretext, on 7-21-15. The real reason for locking up Plaintiff was the fact that he is effective at assisting other inmates with their legal claims. From 7-21-15 to 10-7-15, Plaintiff spent some 57 days in SHU, on hunger strike, all of them in retaliation for his honest, open assistance of other inmates with legal matters, under claim of right. Plaintiff was shipped to Oakdale and stripped of email and phone. Plaintiff's sister has been denied admission for a visit on some 4 occasions. The only means of communication left to Plaintiff is the US mail, and the DOJ-FBOP refuses to respect this means of communication.

Plaintiff would not make such assumptions if the DOJ-FBOP had not proven itself to shamelessly hold up incoming as well as outgoing mail, intercept and return outgoing mail, etc. Why should the Plaintiff assume honesty on the part of the Department of Justice when his experience is anything but?

The US Attorney is entitled to strike hard blows, but never foul. The invidious interference with Plaintiff's ability to communicate with the court clerk's office is a foul blow. The DOJ has the power to break off its sins with righteousness - if it so chooses. The DOJ-FBOP could presumably participate in the Electronic Filing Pilot Project. It could ensure that inmates have phone and email privileges for legal material. Whether or not it chooses such an honorable course remains to be seen.

Plaintiff is most grateful for the notice and opportunity to be heard. Plaintiff would like to get the returned material re-sent.

Respectfully submitted,
By: _____                      11-10-15
Oscar Stilley, 10579-062                          Date
FCI Oakdale-1
PO 5000
Oakdale, LA 71463-5000