IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

OSCAR STILLEY,                                                                            PLAINTIFF
Reg. No. 10579-062

v.                              No. 2:15-CV-00163 BSM/BD

UNITED STATES OF AMERICA, *et al.*                                              DEFENDANTS

MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

Defendants the United States of America, Bureau of Prisons, and Charles Samuels, Jr., Director of Bureau of Prisons, in his official capacity, by and through Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Jamie Goss Dempsey, Assistant U.S. Attorney, state as follows for their motion to dismiss, or, in the alternative, motion for summary judgment:

1.      On October 6, 2015, Oscar Stilley filed a *pro se* complaint in this action. *See* Complaint, Doc. No. 1. He filed an amended complaint on December 3, 2015. *See* Amended Complaint, Doc. No. 7.

2.      In his amended complaint, Stilley claims that he seeks relief from the United States of America, the Bureau of Prisons ("BOP"), and Charles Samuels, Jr., Director of the BOP, in his official capacity. Stilley asserts that these claims arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. Stilley also claims he has been retaliated against for exercising a constitutional right.

3. Stilley's allegations fail to state a claim for which relief can be granted; therefore, his complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4. If the Court wishes to construe Stilley's claims as constitutional conditions of confinement claims, those claims also fail because Stilley has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a).

5. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). When it is not clear from the face of a plaintiff's complaint that there has been a failure to exhaust, a defense motion for failure to exhaust is properly brought as a motion for summary judgment. *See Noble v. Levengood*, No. 5:09CV00206 JMM/HDY, 2009 WL 2914367, at *2 (E.D. Ark. Sept. 10, 2009); *Davis v. Wilkerson*, No. 4:07CV01225 JLH/BD, 2008 WL 5235882, at *2 (E.D. Ark. Dec. 15, 2008).

6. When a party presents matters outside the pleadings to the Court on a 12(b)(6) motion and those matters are not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. *See* Fed R. Civ. P. 12(d). In the event the Court treats this motion as motion as a motion for summary judgment under Rule 12(d), defendants have filed a statement of undisputed facts with this motion as required by Local Rule 56.1(a).

7. A brief in support of this motion is filed herewith and incorporated herein.

WHEREFORE, defendants the United States of America, Bureau of Prisons, and Charles Samuels, Jr., Director of Bureau of Prisons, in his official capacity, respectfully request that the Court dismiss plaintiff's complaint, and for all other just and proper relief.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney
Eastern District of Arkansas

/s/   *Jamie Goss Dempsey*

_____

Jamie Goss Dempsey
Ark. Bar No. 2007239
Assistant U. S. Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
Tel.   (501) 340-2600
jamie.dempsey@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was filed with the Court *via* CM/ECF and a copy was sent *via* U.S. Mail on this 22nd day of March, 2016, to the following:

Oscar Stilley
Reg. No. 10579-062
FCI Oakdale-1
P.O. Box 5000
Oakdale, LA 71463-5000

/s/ *Jamie Goss Dempsey*

_____
Jamie Goss Dempsey
Assistant U. S. Attorney